Saturday, October 17th.
Judge Tucker,
after stating the case, made the following observations: Although no case was cited at the bar which appeared to be peculiarly applicable to this question, I was struck with the idea that I had seen such a one. The cases of Rust v. Ridgeley, Cro. Eliz. 264, and Bothright v. Harvey, Ib. 369, (which latter case is referred to in 3 Bac. Abr. 707, old ed.,) are both expressly in point; and in the first it was resolved that, immediately upon the judgment given, the plaintiff was damnified; for his body, goods, and lands are liable to the execution, and, if he af-terwards alieneth his lands, he cannot, by reason pf this judgment, warrant it to be free from incumbrance; so that by the very judgment he is damnified; and the court added that', if the defendant, after the judgment, had paid the debt, or, in the case before us, had delivered the negro to Benjamín Pritchett, still it would not serve; for Johnson (or the plaintiff in that case) was damnified before. And the same doctrine is expressly repeated in Bothright v. Harvey.
*453 There is another point stated in the bill of exceptions, which appears to have been very improperly introduced, upon which the court instructed the jury as requested. No exception was taken to the opinion of the court, and therefore it seems to me to be unimportant in this case. I shall only say that I do not concur in opinion with the Judge -who gave it.
The opinion of the court was entered as follows ;
“ This court, not approving of the opinion and second “ instruction given by the District Court on the trial of this “ cause, as stated in the second exception to that opinion “ filed in this cause, but considering the instruction as “ immaterial to the issue tried, is of opinion that there is “ no error in the first instruction excepted to, nor in the “judgment. Therefore it is considered that the said “judgment be Affirmed.”